```
                                            RECEIPT #_____
            UNITED STATES DISTRICT COURT    AMOUNT $   150-
              DISTRICT OF MASSACHUSETTS     SUMMONS ISSUED_____
                                            LOCAL RULE 4.1_____
                                            WAIVER FORM _____
                                            MCF ISSUED_____
                                            BY DPTY. CLK._____
SSA COOPER, LLC,                    )       DATE   11-24-03
                                    )
         Plaintiff,                 )       IN ADMIRALTY
                                    )
    v.                              )       NO.
                                    )
M/V WINTERSET, Official No. 1682,   )       VERIFIED COMPLAINT
her engines, machinery, gear, tackle, )     IN REM TO FORECLOSE
equipment, appurtenances, furnishings, etc., ) MARITIME LIEN
                                    )
         Defendant.                 )
```

03 12361 EFH

NOW COMES plaintiff SSA Cooper, LLC, who alleges as follows:

MAGISTRATE JUDGE Alexander

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over this controversy by virtue of Rule C of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, and 28 U.S.C. § 1333.

## VENUE

2. Venue is proper in this District as the defendant vessel, M/V WINTERSET, is or will be located within the District during the pendency of this action.

3. At all times material hereto, plaintiff was and now is a corporation organized under the laws of Delaware.

4. On information and belief, the defendant vessel M/V WINTERSET is a bulk carrier of about 14,156 gross metric tons, registered in the Marshall Islands and having Official Number 1682.

## CAUSE OF ACTION

5. On information and belief, at all times material hereto, defendant M/V WINTERSET was a vessel operated and/or chartered by SMT Shipmanagement & Transpro and plying the navigable waters of the United States.

6. At the request of Georgetown Steel Corporation and/or other persons with authority to procure necessaries for the M/V WINTERSET, plaintiff rendered stevedoring, cargo, and vessel handling services to the M/V WINTERSET on August 14-16, 2003 in Georgetown, South Carolina, as noted in Exhibit A, attached. All such stevedoring, cargo, and vessel handling services constitute necessaries within the meaning of 46 U.S.C. § 31342.

7. The outstanding invoices for such services total at least US$38,166.69, exclusive of interest, attorneys' fees and costs. True and accurate copies of the unpaid invoices are attached to this verified Complaint as Exhibit A. The various services provided by plaintiff entitle plaintiff to maritime liens against the M/V WINTERSET.

8. The contracts with Georgetown Steel Corporation entitle plaintiff to recover its reasonable attorneys' fees and costs against Georgetown Steel Corporation, and, therefore, against the M/V WINTERSET.

9. Plaintiff has not been compensated by Georgetown Steel Corporation or the M/V WINTERSET for the aforementioned services, and invoices for said services remain outstanding despite plaintiff having made demand for payment of same. On information and belief, subsequent to plaintiff's demand for said payment, Georgetown Steel Corporation declared bankruptcy under the laws of the United States.

10. As a result of the services rendered by plaintiff to Georgetown Steel Corporation and defendant M/V WINTERSET *in rem*, said defendant vessel is liable to plaintiff in the amount of at least US$38,166.69, exclusive of interest, expenses, storage fees, attorneys' fees and costs, said payment due and owing as a result of Georgetown Steel Corporation's failure to pay the amounts owed for the services provided.

11. The M/V WINTERSET is expected to leave this District and this Court's jurisdiction before judgment can be obtained and executed against said vessel, her engines, machinery, gear, tackle, equipment, appurtenances, furnishings, etc.

12. Plaintiff is entitled to recover the full value and price of its services in the amount of US$38,166.69, plus interest, costs, fees, expenses and attorneys' fees incurred in its attempt to collect the amounts owed and in prosecuting this action.

WHEREFORE, plaintiff prays:

1. That the Court issue a warrant for the arrest of the M/V WINTERSET, her engines, machinery, gear, tackle, equipment, appurtenances, furnishings, etc.;

2. That the Court grant plaintiff judgment *in rem* in the amount of US$38,166.69, plus prejudgment interest, costs and attorneys' fees;

3. That the Court order the M/V WINTERSET, her engines, machinery, gear, tackle, equipment, appurtenances, furnishings, etc., condemned and sold to satisfy plaintiff's judgment;

4. That judgment be entered against the defendant in favor of the plaintiff on all sums to which plaintiff may be entitled, together with attorneys' fees, prejudgment interest and costs; and

5. That this Court grant plaintiff such other and further relief as may be appropriate.

DATED this 21st day of November, 2003.

Respectfully submitted,

SSA COOPER, LLC

By its attorneys,

Kathleen B. Carr (BBO #564138)
EDWARDS & ANGELL LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 439-4444

BOS_424344_1

## VERIFICATION

State of Washington  )
                     ) ss.
County of King       )

I, _Jon F Hemingway_, do depose and state:

I am the _Manager_ for SSA COOPER, LLC and am authorized to make this Verification on its behalf. I have read the foregoing Verified Complaint *In Rem* to Foreclose Maritime Lien, am familiar with the contents thereof, and believe the same to be true and correct.

Signed under the pains and penalties of perjury this _21_ day of November, 2003.

_[signature]_