UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SSA COOPER, LLC, ) | |
| Plaintiff, ) | IN ADMIRALTY |
| v. ) | NO. 03 12361 EFH |
| M/V WINTERSET, Official No. 1682, ) her engines, machinery, gear, tackle, ) equipment, appurtenances, furnishings, etc., ) | DECLARATION OF MARK H. BROWN IN SUPPORT OF APPLICATION FOR APPOINTMENT OF |
| Defendant. ) | SUBSTITUTE CUSTODIAN |

I, Mark H. Brown, declare as follows:

1. I am the proposed substitute custodian in the above-captioned case. I am the Operational Manager of National Liquidators, Fort Lauderdale, Florida. My business address and telephone number respectively, are: 1915 Southwest 21st Avenue, Fort Lauderdale, Florida, 33312; 954-791-9601. I previously have acted as a substitute custodian in lieu of the United States Marshal.

2. The defendant vessel, M/V WINTERSET, is believed to be arriving at a slip located at the Somerset Power Plant, Somerset, Massachusetts.

3. I am generally familiar with the size and type of the defendant vessel. I am willing to act as substitute custodian for said vessel in lieu of the United States Marshal during the pendency of the suit herein, and until further order of the Court. In this regard, the substitute custodian agrees to perform the following services for said vessel: take custody of the vessel from the United States Marshal at Somerset Power Plant, potentially to be moved to the New Bedford State Pier, New Bedford,

Massachusetts, where it is anticipated that said vessel shall be kept during the pendency of this lawsuit; provide periodic fire watches; provide guards if necessary; periodically inspect mooring lines; post signs instructing unauthorized persons to keep off the vessel; moor the vessel in a location where I and/or those authorized by me can keep the vessel under close surveillance; prevent unauthorized persons from boarding the vessel; and perform other routine services required for the safekeeping of the vessel.

4.   I hereby agree that the Marshal Service will not be held responsible for any damages in this matter.

5.   The proposed substitute custodian has agreed to accept the substitute custodianship of the defendant vessel in accordance with an Order of this Court appointing a substitute custodian.

6.   The proposed substitute custodian has agreed that during its custodianship of the defendant vessel, it will not permit repairs or changes to be made to the vessel, except for routine maintenance required for the vessel's safekeeping, or in emergency situations, without an order of this Court.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed at Fort Lauderdale, Florida, this 21st day of November, 2003.

_____
Mark H. Brown

Jason T Leseneau
My Commission DD082736
Expires January 08, 2008

- 2 -