UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SSA COOPER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> M/V WINTERSET, Official No. 1682, her engines, machinery, gear, tackle, equipment, appurtenances, furnishings, etc., <br><br> Defendant. | IN ADMIRALTY <br><br> NO. <br><br> [PROPOSED] ORDER APPOINTING SUBSTITUTE CUSTODIAN <br><br> 03  12361 EFH |

THIS MATTER having come on for consideration upon plaintiff SSA Cooper LLC's Ex Parte Application for Order Appointing Substitute Custodian; the Court having reviewed the pleadings submitted by counsel and being otherwise fully advised in the premises; the Court hereby finds and rules as follows:

1. On November 24, 2003, the Complaint herein was filed praying that the M/V WINTERSET, her engines, machinery, rigging, equipment, furniture, appurtenances, etc., be condemned and sold to pay plaintiff's demands and claims for other proper relief.

2. On November 24, 2003, the Clerk of this Court issued a Warrant for Arrest of Vessel commanding the United States Marshal for this district to arrest and to take into custody the defendant vessel and to detain the same in his custody until further order of this Court respecting same.

3. Subsequent to the issuance of the Warrant of Arrest, the marshal will take steps to immediately seize the vessel. Thereafter, continued custody by the marshal, including the services of a least one custodian and costs for other services associated with safekeeping the

defendant vessel, would be required. The United States Marshal's office has requested that a substitute custodian be appointed in this matter.

4. Mark H. Brown, as Operational Manager of National Liquidators, based in Fort Lauderdale, Florida, has agreed to assume responsibility for the safekeeping of the said vessel in Massachusetts, and has consented to act as her custodian until further order of this Court.

5. Mark H. Brown, the substitute custodian, by Declaration of Mark H. Brown filed herewith, avers that he is willing to act as substitute custodian for the said vessel, and has agreed to provide for the supervision of and the proper safekeeping of the vessel. Furthermore, in said Declaration, substitute custodian agrees that the Marshal Service will not be held responsible for any damages in this matter.

6. Plaintiff has agreed to pay the substitute custodian fees and moorage fees for the vessel.

THEREFORE, IT IS ORDERED that the United States Marshal for the District of Massachusetts is authorized upon seizure of the M/V WINTERSET pursuant to the Warrant of Arrest issued by the Clerk of this Court to surrender possession of the M/V WINTERSET, her engines, machinery, rigging, equipment, furniture, appurtenances, etc., to Mark H. Brown, Operational Manager of National Liquidators, the substitute custodian named herein and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising out of said substituted possession and safekeeping.

IT IS FURTHER ORDERED that Mark H. Brown is appointed the custodian of said vessel to retain the same in his custody for safekeeping until further order of this Court.

IT IS FURTHER ORDERED that Mark H. Brown may move the vessel during the pendency of this action from its anticipated berth to other suitable berths and/or anchorage within

BOS_424339_1

this District, as appropriate for the economical and safe custody of the vessel.

DATED this ___ day of November, 2003.

_____
UNITED STATES DISTRICT JUDGE

11-24-03

Respectfully submitted,

SSA COOPER, LLC
By its attorneys,

_____
Kathleen B. Carr (BBO #564138)
EDWARDS & ANGELL LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 439-4444
Dated: November 24, 2003.



Approved:

U.S. MARSHAL


By _____

- 3 -

BOS_424339_1